James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-327 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MICHAEL PAUL MATULICH, | |
| Defendant(s). | |

Presently before the court is defendant Michael Paul Matulich's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 166). The government responded (ECF No. 169) and defendant replied (ECF No. 170).

**I.   Facts**

Defendant was charged with and pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and conspiracy to unlawfully deal in firearms in violation of 18 U.S.C. § 922(a)(1). (ECF No. 166 at 2). On December 10, 2012, the court sentenced Matulich to a total of 168 months (168 months for the controlled substance offense and 60 months for the firearms offense, concurrently) with five years of supervised release to follow. (*Id.*).

The U.S. Probation Office applied the 2011 edition of the United States Sentencing Guidelines when preparing the presentence investigation report, which the court adopted without changes. (*Id.*). "The pertinent calculation, which is for [the controlled substance offense], applied a base offense level of 36 controlled by U.S.S.G. § 2D1.1(a)(5) and (c)(2) for a quantity of 936 grams of actual methamphetamine." (*Id.*). Pursuant to U.S.S.G. § 3D1.4, a two-level enhancement was applied for multiple counts, resulting in an offense level of 38. (*Id.*). The total offense level

was 32 after the court assessed a three-level reduction for acceptance of responsibility and a three-level reduction for a group plea. (*Id.*). Matulich's criminal history category was IV. (*Id.*).

This gave Matulich a 2011-guideline range of 168 to 210 months. (*Id.*). The court imposed a low-end sentence of 168 months, with five years of supervised release to follow. (*Id.*).

The United States Sentencing Commission promulgated U.S.S.G. Amendment 782 on November 12, 2014, which reduced all drug-offense levels by two. (*Id.*). Further, the Sentencing Commission included amendment 782 in § 1B1.10(d)'s list of retroactive amendments. *See* U.S.S.G. § 1B1.10(d).

On July 3, 2017, defendant filed the instant motion to reduce his sentence to the low end of the new guideline range, 135 to 168 months. (*See* ECF No. 166). Initially, the parties stipulated to stay the motion for two years pending an updated disciplinary report from the U.S. Probation Office. (*Id.* at 3); (*see also* ECF No. 169). Now, the government and probation recommend against any sentence reduction for Matulich. (ECF No. 169).

## II. Legal Standard

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *Id.*

The decision to reduce a defendant's sentence under this exception is a two-pronged inquiry. *Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine whether the defendant, by statute, is eligible for a reduction of his sentence. 18 U.S.C. § 3582(c). This step "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827.

Importantly, the statute "does not authorize a sentencing or resentencing proceeding." *Id.* at 825. Instead, the motion is limited to whether the defendant is entitled to a reduction of his sentence "in circumstances specified by the Commission." *Id.* Moreover, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy

statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A).

Second, the court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Further, the court must determine whether "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. The decision in this prong of the analysis is ultimately subject to the court's discretion. *See United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010); *United States v. Dunn*, 728 F.3d 1151, 1153 (9th Cir. 2013).

**III. Discussion**

Both parties agree that the first prong of the sentence reduction inquiry is satisfied. (*See* ECF Nos. 166, 169). Under the discretionary second prong of the test, the court needs to decide only whether a sentence reduction is warranted.

Defendant contends that, with consideration of the factors laid out in § 3553, the court ought to grant him a sentence reduction given, among other things, his character, history, post-conviction conduct, and the severity of the underlying offense. (ECF No. 166 at 5–12).

The government argues in opposition that his post-conviction conduct has included serious infractions and violations while incarcerated and that "reduction in his sentence may pose a danger to the community." (ECF No. 169 at 5–7).

Defendant has accrued a total of eleven violations while incarcerated over a period of five years. (*See id.* at 5–6). Of those eleven violations, nine were for possession or use of drugs or alcohol and two were for possession of a weapon. (*See id.*).

The parties discuss three primary facts relating to this defendant regarding whether to reduce his sentence: defendant's possession of weapons, defendant's drug-related infractions, and defendant's reform efforts during his imprisonment.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### A. *Possession of Weapons*

The government contends that defendant's two infractions for possession of weapons in prison "created a significant risk of violence" and that his conduct in prison shows a "reduction in his sentence could pose a danger to the community." (*Id.* at 6–7).

The district court in *United States v. Ayala* reduced the defendant's sentence for conspiring to distribute crack cocaine despite "two incidents in prison—an 'assault without serious injury' and 'fighting with another person.'" 540 F. Supp. 2d 676, 680 (W.D. Va. 2008). Ayala's conduct—assault without serious injury and fighting with another person—unequivocally included violent offenses; despite this, the court reduced Ayala's sentence. *Id.*

Here, this court agrees that "Matulich's criminal history is neither extensive as demonstrated by his criminal history category of IV nor reflective of a violent felon." (ECF No. 166 at 6). It appears that, with the exception of a juvenile offense, defendant was not a violent criminal before his incarceration. (*Id.* at 8). Further, although he possessed a weapon in prison, he has received no infractions for physical altercations, nor has the government proffered any evidence that he has so much as threatened violence. (ECF No. 170 at 4).

While punishable by the Bureau of Prisons, the court does not consider mere possession of a weapon a violent infraction, though the court acknowledges that it presents a potential danger. That said, possession of a weapon does not constitute the use, attempted use, or threatened use of force. As a result, possession of a weapon would not be considered a crime of violence either as an independent crime or for purposes of sentencing. *See* 18 U.S.C.A. § 16; U.S.S.G. § 4B1.2. Further, even if possession of weapons was a violent offense, it would not necessarily preclude defendant's sentence reduction. *See Ayala*, 540 F. Supp. 2d at 680.

Instead, most of Matulich's criminal history prior to and his infractions during incarceration have been drug-related. (ECF No. 166 at 8). Therefore, the court is not convinced he is a danger to the community. In any event, while the court takes the possession of these weapons into consideration, it is only one of several factors that the court needs to weigh.

. . .

. . .

### B. Possession or Use of Drugs or Alcohol

Possession of drugs and alcohol while in federal prison is an infraction already punishable by the Bureau of Prisons, and therefore is not a dispositive reason to deny a sentence reduction. *See Ayala*, 540 F. Supp. 2d at 680. The district court in *United States v. Miller* granted a petition for a reduction in sentence after the Bureau of Prisons had sanctioned the defendant for his misconduct and noted that "[the court] should not endeavor to punish any misconduct through a denial of defendant's request for a reduction in his sentence, but the [c]ourt will consider defendant's misconduct as a factor in considering whether a reduction in sentence is appropriate." No. 3:01-CR-118, 2008 WL 782566, at *3 (E.D. Tenn. Mar. 21, 2008) (granting a motion for reduction despite the defendant's two infractions related to possession and use of intoxicants).

As a result of his eleven infractions, nine of which were for possession or use of drugs or alcohol, the Bureau of Prisons subjected defendant to disciplinary procedures. (ECF No. 166 at 8–9). Defendant's sanctions "included the total loss of over 400 days of good conduct time . . . [loss of] visitation, email, and commissary privileges for an extended period of time . . . [and] a significant amount of time (over 200 days) in disciplinary segregation . . . ." (*Id.* at 9).

Thus, it is undisputed that defendant has already been punished for the infractions he has accrued while incarcerated. (*See* ECF Nos. 166, 169). Accordingly, this court concludes that defendant has been adequately punished for this conduct by the Bureau of Prisons, and need not deny his request for a reduced sentence because of these infractions.

### C. Attempts at Rehabilitation

Courts have previously taken into consideration "[when] [the d]efendant has made some efforts to better [him]self while incarcerated, completing courses in drug education, stress management, and other personal improvement and workforce preparedness programs." *United States v. Kilcup*, No. CR08-82RSL, 2012 WL 3860591, at *2 (W.D. Wash. Sept. 5, 2012). The court in *Kilcup* granted the defendant's motion and reduced Kilcup's sentence to the statutory minimum. *Id.*

Here, it appears that the defendant has "has taken full advantage of the programs offered" while incarcerated. (ECF No. 166 at 12); (*see also* ECF No. 166-2). Further, defendant has been

employed through the Bureau of Prisons as an orderly and with the electrical, plumbing, and outside recreation details. (ECF No. 166 at 12). Defendant also had a history of cooperation with law enforcement, as shown by his participation in the "Life of Crime" program. (ECF No. 166-1). These factors weigh in the defendant's favor.

### D. Conclusion

Given the explicit intent of the United States Sentencing Commission in making amendment 782 retroactive, the policy reasons behind the reduction, and the factors laid out in 18 U.S.C. § 3553, the court concludes that defendant's motion should be granted. *See* 18 U.S.C. § 3582(c). The court finds, given the defendant's history of self-improvement while incarcerated, that even after a reduction, defendant's sentence would be "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

As discussed above, the court is not persuaded that a reduction in sentence here is precluded by a need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Defendant's post-conviction infractions appear to largely stem from defendant's drug addiction, which can be addressed during supervised release. (ECF No. 166 at 6). The guidelines were purposefully lowered for current and future drug-offenders and made retroactive because the adjusted sentences are sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

Accordingly, the court finds, pursuant to the retroactivity of amendment 782, that defendant's sentence ought to be reduced to the low end of the new guideline range for his offense.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 166) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that, in accord with 18 U.S.C.A. § 3582(c)(2), 18 U.S.C.A. § 3553(a), and USSG § 1B1.10, defendant's sentence is reduced to 135 months.

DATED August 22, 2017.

_____
UNITED STATES DISTRICT JUDGE