UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-327 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MICHAEL PAUL MATULICH, | |
| Defendant(s). | |

Presently before the court is Michael Paul Matulich's ("defendant") emergency motion for compassionate release. (ECF Nos. 177; 181).[1] The United States of America ("the government") filed a response (ECF No. 184), to which defendant replied (ECF No. 186).

Also before the court is the government's motion to seal. (ECF No. 185).

I.   **Background**

As relevant to this motion, Judge Pro sentenced defendant on December 10, 2012, to a total of 168 months' incarceration for conspiring to distribute a controlled substance and conspiring to unlawfully deal in firearms. (ECF Nos. 97; 101). On August 22, 2017, the court reduced defendant's sentence to 135 months under 18 U.S.C. § 3582(c)(2). (ECF No. 171). While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, have run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease Control, *People Who*

---

[1] Defendant filed his initial motion pro se (ECF No. 177) and, pursuant to Temporary General Order 2020-06, filed a supplemental motion with the assistance of counsel (ECF No. 181).

**James C. Mahan**
**U.S. District Judge**

*Need to Take Extra Precautions,* (June 25, 2020).[2]  The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death."  *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19,* (June 25, 2020).[3]

The CDC admits that its list of at-risk persons "**is a living document that will be periodically updated by CDC, and it could rapidly change as the science evolves**," and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated.  *Id.* (emphasis in original); *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[4] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[5]

Defendant argues that "[t]his [c]ourt should grant relief based on [his] Hepatitis C diagnosis, hypertension, and his 81% of time served." (ECF No. 181 at 1).  The government opposes defendant's request, arguing that he has not exhausted his administrative remedies and that his request should be denied on the merits.  (ECF No. 184).

**II.    Legal Standard**

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an 'express rule to the contrary.'"  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  One such contrary rule is relevant here: "A court generally may not correct or modify a prison sentence once it has been imposed." *United*

---

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

[3] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

[4] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[5] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Instead, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

**III.   Discussion**

As an initial matter, the exhibits the government seeks to file under seal contain personal information related to the defendant, including sensitive medical information. The court grants the government's motion to seal. (ECF No. 185).

This court—like all courts around the country—once again finds itself at a crossroads. Some courts have found that the administrative exhaustion provision in 18 U.S.C. § 3582(c)(1)(A) is a strictly nonwaivable jurisdictional statute. *See, e.g., United States v. Cooper*, Case No. 2:14-cr-0228-JAD-CWH (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, Case No. 2:11-cr-0414-APG-CWH (D. Nev. Apr. 29, 2020). Alternatively, other courts have nonetheless waived the administrative exhaustion requirement, particularly due to the rapid spread of COVID-19. *See, e.g., United States v. Zukerman*, 16-CR-194, 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020); *United States v. Perez*, ___ F.Supp.3d ___, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020).

James C. Mahan
U.S. District Judge

- 3 -

These are unprecedented times. As a result of the rapidly-evolving circumstances surrounding the novel coronavirus pandemic, this court has entertained compassionate release motions where there had been no meaningful response to a defendant's administrative application, *see United States v. Atkinson*, No. 2:19-CR-55 JCM-CWH, 2020 WL 1904585 (D. Nev. Apr. 17, 2020), and where an asthmatic defendant was only a few days short of the 30-day mark, *see United States v. Gorai*, No. 2:18-CR-220-JCM-CWH, 2020 WL 1975372 (D. Nev. Apr. 24, 2020). However, when a defendant had failed to file a request for release—either formally or informally—this court declined his invitation to waive the exhaustion requirement. *United States v. Iwatsu*, No. 2:18-cr-284-JCM-VCF, 2020 WL 2615902 (D. Nev. May 22, 2020). In sum, while the court has been willing to waive strict compliance with the administrative-exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), the court has required at least substantial compliance.

Here, defendant has previously requested compassionate release on grounds entirely unrelated to the COVID-19 pandemic. (ECF No. 184 at 6–7 ("Instead, Matulich requested compassionate release so that he could help his mother care for her four foster children, and potentially become a guardian of one of them.")). Defendant argues that "there is no dispute that a compassionate release request was made but rather the government contends it simply was not specific enough." (ECF No. 186 at 2). Thus, defendant contends the court could give his prior request "its broadest reading," which, by his estimation, means including a COVID-19 request. *Id.*

The court will not write additional grounds for compassionate release into defendant's previous request. Defendant filed a request for entirely non-COVID-19-related reasons. But defendant was required to raise his medical conditions and COVID-19 in his request. Federal regulations require requests under § 3582(c)(1)(A) to "at a minimum contain . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." 28 C.F.R. § 571.61(a)(1). Simply filing such a request during the pendency of the pandemic does not require the BOP to infer additional possible grounds for compassionate release. *See United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *5 (D. Nev. June 2, 2020) ("[E]xhaustion under § 3582(c)(1)(A) requires a defendant to specify each extraordinary or compelling

**James C. Mahan**
**U.S. District Judge**

- 4 -

circumstance he intends to rely on in a motion for compassionate release."); *United States v. Mogavero*, No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden."). The BOP was not put on notice of, and thus did not have an opportunity to consider, defendant's belief that he should be released in light of COVID-19 vis-à-vis his medical conditions.

Accordingly, the court declines the invitation to address the propriety of compassionate release due to defendant's medical conditions in the first instance, particularly because it seems those conditions are well managed despite defendant's incarceration. (ECF No. 184 at 16 ("Matulich's Hepatitis C and hypertension appear to be under control without the need for ongoing medication.")). Instead, the court will afford the BOP an opportunity to respond to an appropriate COVID-19-related request. Thus, the court denies defendant's motion without prejudice.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion for compassionate release (ECF Nos. 177; 181) be, and the same hereby is, DENIED without prejudice.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to seal (ECF No. 185) be, and the same hereby is, GRANTED.

DATED July 2, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**