1
2
3
4                        UNITED STATES DISTRICT COURT
5                             DISTRICT OF NEVADA
6                                    * * *
7    UNITED STATES OF AMERICA,              Case No. 2:11-CR-327 JCM (CWH)
8                            Plaintiff(s),                    ORDER
9          v.
10   MICHAEL PAUL MATULICH,
11                           Defendant(s).
12

13         Presently before the court is Michael Paul Matulich's ("Matulich") renewed emergency
14   motion for compassionate release.   (ECF No. 188).   The United States of America ("the
15   government") filed a response (ECF No. 191).
16   **I.    Background**
17         On December 10, 2012, Matulich was sentenced to 168 months in prison for conspiring to
18   distribute a controlled substance and conspiring to unlawfully deal in firearms.  (ECF No. 101).
19   On August 22, 2017, the court reduced his prison sentence to 135 months pursuant to 18 U.S.C.
20   § 3582(c)(2) as the Sentencing Commission retroactively lowered the sentencing range of his drug
21   conviction. (ECF No. 171).  Matulich's projected release date is May 14, 2022.  (ECF No. 181 at
22   2).
23         While Matulich has been incarcerated at FCI Beckley, the novel strain of coronavirus and
24   COVID-19, the resultant respiratory disease, have run rampant, especially in our country's prisons.
25   The Centers for Disease Control ("CDC") warns that the virus can lead to "hospitalization,
26   admission to the ICU, intubation or mechanical ventilation, or death," especially for older adults
27   and people with certain serious and uncontrolled medical conditions.  Centers for Disease Control,
28   *Evidence used to update the list of underlying medical conditions that increase a person's risk of*

**James C. Mahan**
**U.S. District Judge**

1    *severe illness from COVID-19*, (last updated July 28, 2020).[1]

2         The government assures the court that the Bureau of Prisons ("BOP") has taken

3    extraordinary precautions to minimize coronavirus transmission in its facilities.  (ECF No. 184 at

4    11–13).  But despite the BOP's precautions, 1,378 inmates and 592 staff members have tested

5    positive for the virus and 114 inmates have died.  Federal Bureau of Prisons, *COVID-19*

6    *Coronavirus*, (last visited August 19, 2020).[2]  These grim numbers are likely understated as well

7    because testing in BOP's facilities has been "scant except for people who self-report symptoms[.]"

8    *United States v. Esparza*, No. 1:07-CR-00294-BLW, 2020 WL 1696084, at \*2 (D. Idaho Apr. 7,

9    2020) (footnote citation omitted).

10        Matulich previously filed an emergency motion for compassionate release, (ECF No. 177),

11   which was supplemented by his counsel on June 11, 2020.  (ECF No. 181).  The government

12   responded in opposition, (ECF No. 184), and Matulich filed a timely reply.  (ECF No. 186).  The

13   court denied the motion without prejudice because Matulich did not exhaust his administrative

14   remedies before seeking relief from the court as required by the First Step Act.  (ECF No. 187).

15   Specifically, he did not request compassionate release for COVID-related reasons from the warden

16   at FCI Beckley.  (*Id.* at 4).  Matulich has since petitioned the warden and his request was denied.

17   (ECF No. 188-1).  The court will now consider the merits of Matulich's renewed compassionate

18   release motion.  (ECF No. 188).

19   **II.    Legal Standard**

20        The court can reduce a prison sentence for "extraordinary or compelling reasons" under

21   the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step

22   Act of 2018, Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018).  18 U.S.C. § 3582(c)(1)(A).

23   This statutory authorization is a limited exception to the general rule that a court "may not correct

24   or modify a prison sentence once it has been imposed."  *United States v. Penna*, 319 F.3d 509, 511

25   (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).

26   _____

27        [1] *Available        at        https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
     precautions/evidence-table.html.
28

         [2] *Available at* https://www.bop.gov/coronavirus/.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Before a defendant can move for compassionate release, he must first ask the BOP to do

2    so on his behalf, typically by submitting a request to the warden.  18 U.S.C. § 3582(c)(1)(A).  He

3    must then exhaust all administrative rights to appeal the BOP's denial of his request or wait thirty

4    days for his request to go unanswered, whichever comes first.  *Id.*

5    To grant compassionate release, the court must make two findings. First, there must be

6    "extraordinary and compelling reasons" that warrant compassionate release and, second, release

7    must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

8    The applicable Sentencing Commission policy statement lists specific circumstances related to the

9    defendant's medical condition, age, and family circumstances that are extraordinary and

10   compelling.[3]  USSG § 1B1.13, cmt. 1.  The policy statement also requires the court to consider

11   whether the defendant is a danger to the community based on the factors set forth in 18 U.S.C. §

12   3142(g).  USSG § 1B1.13(2).

13   District courts have granted compassionate release under circumstances beyond those

14   listed in the policy statement.  *United States v. Regas*, No. 391CR00057MMDNA1, 2020 WL

15   2926457 (D. Nev. June 3, 2020); *United States v. Arreola-Bretado*, No. 3:19-CR-03410-BTM,

16   2020 WL 2535049 (S.D. Cal. May 15, 2020); *United States v. Kesoyan*, Case No. 2:15-cr-236-

17   JAM, 2020 WL 2039028 (E.D. Cal. Apr. 28, 2020).  That is because the policy statement was last

18   substantively amended in November 2016, before the passage of the First Step Act in December

19   2018. Courts have reasoned that Congress's intent in passing the First Step Act—which allows

20   inmates to move for compassionate release when the BOP declines to do so—was to entrust district

21   courts to consider a variety of circumstances that could be extraordinary and compelling.  *See*

22   *Arreola-Bretado*, 2020 WL 2535049, at *2.  The court agrees that its discretion to grant

23   compassionate release is not strictly limited to the specific circumstances in the Sentencing

24   Commission's policy statement.

25

26   [3] The specific extraordinary and compelling circumstances are: (1) the defendant is either
"suffering from a terminal illness" or some other serious condition "that substantially diminishes
27   the ability of the defendant to provide self-care" in prison; (2) the defendant is at least 65 years
old, is experiencing deteriorating health, and has served a substantial portion of his sentence; (3)
28   certain family circumstances like the incapacitation of a spouse; and (4) other reasons "as
determined by the Director of the [BOP]."  USSG § 1B1.13, cmt. 1.

**James C. Mahan**
**U.S. District Judge**

1    Lastly, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  The

2    factors include: (1) the nature and circumstances of the offense and the history and characteristics

3    of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4)

4    the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any

5    pertinent  policy  statement  issued  by  the  Sentencing  Commission;  (6)  the  need  to  avoid

6    unwarranted sentence disparities among defendants with similar records who have been found

7    guilty of similar conduct; and (7) the need to provide restitution to any victims.   18 U.S.C. §

8    3553(a)(1)-(7).

9    **III.    Discussion**

10    Matulich  argues  that  he  is  at  an  increased  risk  of  serious  illness  or  death  from  the

11    coronavirus because "[he] is 37 years old. He was diagnosed with Hepatitis C. He has hypertension

12    and receives daily medication. He has a history of smoking and continues to experience lower back

13    pain[.]" (ECF No. 181 at 8).  Matulich further argues that he has served 81% of his sentence, poses

14    a minimal risk to the community, and that the section 3553(a) sentencing factors favor his release.

15    (*Id.* at 6).  If released, Matulich plans to help his 74 year old mother care for her four foster children

16    and help his fiancée care for her daughter who was born with health issues.  (ECF No. 191 at 4).

17    The government opposes Matulich's compassionate release request.  (ECF Nos. 184 and

18    191).  It argues that his "medical records [and] mainstream medical evidence" do not support the

19    "grave health picture" that Matulich paints.  (ECF No. 191 at 15).  The government paints its own

20    picture of Matulich as a danger to the community because of his numerous juvenile adjudications

21    and long prison disciplinary record which includes recent drug and alcohol violations.  (*Id.* at 2–

22    3).

23    The court finds that Matulich's medical conditions are not extraordinary and compelling

24    reasons that warrant compassionate release.  The CDC warns that older adults and people with

25    certain serious and uncontrolled medical conditions have an increased risk of severe illness and

26    death from the coronavirus.  Matulich is not an older adult; he is 37 years old.[4]  And the CDC

27

28    [4] The BOP's denial of Matulich's compassionate release request states that he is 38 years old.  (ECF No. 188-1 at 3).  This discrepancy is immaterial.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    currently has no information about whether Hepatitis C increases the risk of serious coronavirus

2    complications.  Centers for Disease Control, *What to Know About Liver Disease and COVID-19*,

3    (last updated May 5, 2020).[5]  As to hypertension, the CDC advises that it only might increase such

4    risks.  Centers for Disease Control, *People with Certain Medical Conditions*, (last updated Aug.

5    14, 2020).[6]

6        The cases that Matulich cites in support of his compassionate release all involved inmates

7    that are markedly older than him and have very serious medical conditions in addition to Hepatitis

8    C.  *United States v. Hammond*, No. CR 02-294 (BAH), 2020 WL 1891980, at *9 (D.D.C. Apr. 16,

9    2020) (75 year old inmate with Hepatis C, hypertension, and prostate cancer); *Miller v. United*

10    *States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) (inmate with

11    Hepatitis C, hypertension, COPD, liver cancer, and heart disease); *United States v. McGraw*, No.

12    202CR00018LJMCMM, 2019 WL 2059488, at *1 (S.D. Ind. May 9, 2019) (72 year old inmate

13    with Hepatitis C, diabetes, hypertension, among other medical conditions); *United States v. Gray*,

14    416 F. Supp. 3d 784, 786 (S.D. Ind. 2019) (64 year old inmate with Type 2 diabetes, hypertension,

15    hyperlipidemia, chronic constipation, and Hepatitis C).

16        Further, Matulich's medical records suggest that his Hepatitis C and hypertension are under

17    control without any need for ongoing treatment.  (ECF No. 190-2 at 20).  *Cf. Miller*, 2020 WL

18    1814084, at *1 ("[The defendant's] medications to treat most of his conditions have been

19    continually renewed throughout his incarceration.").  The applicable Sentencing Commission

20    policy statement defines extraordinary and compelling reasons to include terminal illnesses and

21    medical conditions "that substantially diminish the ability of the defendant to provide self-care

22    within the environment of a correctional facility and from which he or she is not expected to

23    recover."  USSG § 1B1.13, cmt. 1.  As aforementioned, the court will not strictly adhere to the

24    Commission's outdated policy statement.  Nevertheless, Matulich's circumstances are far from

25

26        [5] *Available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

27        [6] *Available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

28    conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions.

**James C. Mahan**
**U.S. District Judge**

1   what the Sentencing Commission would define as extraordinary and compelling.  In short, the

2   court agrees with the government's assessment of Matulich's medical records.  (ECF No. 191 at

3   15–16).

4        Because the court finds that Matulich's medical conditions are not extraordinary and

5   compelling reasons that warrant compassionate release, it will not address whether Matulich would

6   be a danger to the community if released.

7   **IV.    Conclusion**

8        Accordingly,

9        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's renewed

10   emergency motion for compassionate release (ECF No. 188) be, and the same hereby is, DENIED.

11        DATED September 1, 2020.

12   _____

13                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 6 -